Geoffrey T. Bentley
State Bar No. 324355
LAW OFFICE OF GEOFFREY BENTLEY
4231 Balboa Avenue #1136
San Diego, CA 92117
Telephone: (619) 800-0065
Email: GTBLawOffice@Gmail.com

Attorney for Plaintiff
KAREL SPIKES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>RENAE M. ARABO, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 19CV01594 W MDD<br><br>**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**<br><br>Hon. Magistrate Judge Mitchell D. Dembin |

## Facts and Procedural Background

On January 27, 2020, this Court vacated the Early Neutral Evaluation Conference scheduled for January 29, 2020, and issued an Order to Show Cause as to why Plaintiff's counsel should not be disqualified for conduct that is prejudicial to the administration of justice. It appears that confidential briefing by defendants in this case may have raised concerns by the Court that Mr. Bentley's conduct in representing Mr. Spikes in federal court and himself in state court for the same or similar violations against identical defendants violates Mr. Bentley's ethical duties. The Court is concerned that this is conduct which degrades and impugns the integrity of the Court and which is prejudicial to the administration of justice. Specifically, the Court points to CivLR 83.4(b) and California Rules of Professional Conduct, Rule 8.4(d) as its bases for disqualification of counsel. Plaintiff has not had the benefit of notice of the entire contents of Defendants' confidential briefing. Plaintiff was given until February 7, 2020 to respond to the Order to Show Cause.

1

Defendants have been given until February 12, 2020 to file a written response. To the extent that Defendants' response raises new issues or alleges new facts which are not set forth in the Court's OSC, Plaintiff respectfully requests leave for a reasonable time to file a reply to address or explain any new argument made or facts alleged.

## Legal Argument

**1. Disqualification of Counsel is Disfavored**

Disqualification is a drastic measure and is disfavored. *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d at 1104. Because they are often tactically motivated, motions to disqualify "should be subjected to particular judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985)(internal citations omitted). Even a violation of the California Rules of Professional Conduct does not automatically compel disqualification. *Gregori v. Bank of America*, 207 Cal. App. 3d 291, 303, 254 Cal. Rptr. 853, 860 (Cal. Ct. App. 1989.) Disqualification of counsel may be appropriate where the attorney's conduct is so egregious that it taints the trial or legal proceedings in a way that would deprive the parties of a fair trial. *Crenshaw v. Mony Life Ins. Co.*, (S.D. Cal. 2007) 318 F. Supp. 2d 1015, 1020; *FDIC v. Isham*, (D. Colo. 1992) 782 F. Supp. 524, 528. The significant question is whether the misconduct of the attorney in question will infect the litigation in which disqualification is sought such that it impacts the opposing party's interest in a just and lawful determination of her claims. *Colyer v. Smith*, (C.D. Cal. 1999) 50 F. Supp. 2d 966, 971. Disqualification is appropriate only where there is a genuine likelihood that the misconduct will affect the outcome of the proceedings before the court. *Thibodeau v. ADT Sec. Servs.*, 2018 U.S. Dist. LEXIS 94622 (S.D. Cal. June 4, 2018).

Ultimately, disqualification involves a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility. *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.*, (1980) 20 Cal. 4th 1135, 144-1145, ("Depending on the circumstances, a disqualification motion may involve such considerations as a client's right to chosen counsel, an attorney's interest in

representing a client, the financial burden on a client to replace disqualified counsel, and *the possibility that tactical abuse underlies the disqualification motion.*") [italics added].

### 2. Courts Presume that Attorneys have Acted Ethically

Any inquiry into whether an attorney should be disqualified based on a violation of his or her ethical obligations begins with the presumption that the attorney has acted ethically. *United States ex rel. Macias v. Pac. Health Corp.*, (C.D. Cal. 2014) 2014 U.S. Dist. LEXIS 200979 at *16; *Eaton v. Siemens*, (E.D. Cal. 2007) 2007 U.S. Dist. LEXIS 58621, at *22; *DCH Health Services Corp. v. Waite*, (2002) 95 Cal. App. 4th 829, 834; *Frazier v. Superior Court*, (2002) 97 Cal. App. 4th 23, 36, ("Attorneys are members of an ancient, honorable and deservingly honored profession. We call them 'officers of the court.' Let's practice what we preach and treat them with the respect they have earned...The court should start with the presumption that, unless proven otherwise, lawyers will behave in an ethical manner.").

It is not incumbent on an attorney to prove that he or she did not commit an ethical violation in order to avoid disqualification. Speculation, innuendo, and conjecture not supported by facts are insufficient bases for disqualification. *Addam v. Superior Court*, (2004) 116 Cal. App. 4th 368, 372. While defendants in this case may be offended and find it "unseemly" that they have been sued for discrimination by Mr. Bentley as well as his client, the law does not warrant disqualification on that basis.

### 3. There is No Ethical Violation

The Court is concerned that Mr. Bentley's conduct in filing his own lawsuits violates California Rules of Professional Conduct, Rule 8.4(d). Under this rule it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice." However, Comment 6 to Rule 8.4 states: "This rule does not prohibit those activities of a particular lawyer that are protected by the First Amendment to the United States Constitution or by Article I, section 2 of the California Constitution." Among other rights essential to freedom, the First Amendment protects "the right of the people...to petition the Government for a redress of grievances." *Borough of Duryea v. Guarnieri*, 564

U.S. 379, 382, 131 S. Ct. 2488, 2491, 180 L. Ed. 2d 408, 418, 2011. Thus, the fact that Mr. Bentley has exercised his First Amendment right to file lawsuits based on discrimination he suffered at defendants' business does not constitute a violation of Rule 8.4(d).

Absent some allegation of a specific ethical violation committed by Plaintiff's counsel there is no basis for his disqualification. Nor is there evidence in the OSC to support a finding that any party would be deprived of a fair trial in this case if Plaintiff's counsel is allowed to continue representing his client, Mr. Spikes.

**4. Although He Is Plaintiff's Attorney, Mr. Bentley Has Rights as an Individual**

Mr. Bentley as an individual has rights and can bring actions for violations of those rights even though his injury has arisen in some way related to the performance of his duties as an attorney/advocate. See, e.g., *Long v. Valentino*, (1989) 216 Cal. App. 3d 1287, 1298. As part of his advocacy, Plaintiff's counsel has filed numerous disability discrimination lawsuits in the past year. Many of these are based on discrimination suffered by Plaintiff as a customer or potential customer and/or while acting as advocate for the rights of other disabled persons.

In handling cases for Mr. Spikes, plaintiff's counsel has a duty under FRCP 11 and C.C.P. § 128.7 to investigate all claims to ensure the allegations and factual contentions have evidentiary support. In doing so he must visit area businesses where disability access violations may or may not still exist. If he is unable to access a facility, plaintiff's counsel is prevented from performing the duties required of him as an attorney. An attorney being unable to complete his required duties due to discrimination is prejudicial to the administration of justice and warrants direct action on behalf of the attorney.

**5. The Appearance of Impropriety is an Insufficient Basis to Disqualify Counsel**

To date no California court has ordered disqualification based solely on an appearance of impropriety. *Addam, supra*, at 372. ("Despite the many references to the appearances standard in our case law, and despite occasional judicial statements that '[d]isqualification is proper...to avoid any appearance of impropriety', there is no

4

PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE
19CV01594 W MDD

California case in which an attorney has been disqualified solely on this basis.") Courts have granted motions to disqualify counsel only where the appearance of impropriety arises in connection with a tangible dereliction. *Gregori, supra*, at 306. Even then, violation of a rule of professional responsibility should not automatically result in disqualification. *Id.* at 303. "[D]isciplinary rules promulgated by bar associations are not intended to be used as procedural weapons in disqualification cases."

The Southern District's Civil Local Rule 83.4 requires attorneys permitted to practice in this Court to comply with the standards of professional conduct required of members of the State Bar of California and prohibits attorneys from engaging "in any conduct which degrades or impugns the integrity of the court or in any manner interferes with the administration of justice within the Court." S.D. Cal. Civ. L.R. 83.4(b). Pursuant to Rule 8.4 of California's Rules of Professional Conduct, it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice." Cal. Rules of Prof. Conduct 8.4(d). This Rule, like the "appearance of impropriety standard" should not be a sufficient basis to justify disqualification without evidence of a tangible violation of an attorney's ethical duties. See, *e.g., Addam, supra*, at 372.

### Conclusion

Mr. Bentley's representation of Mr. Spikes in his federal ADA cases does not constitute an ethical violation warranting disqualification. Mr. Bentley's filing of his own lawsuits for discrimination in state court is not a violation of the California Rules of Professional conduct. It is a right guaranteed by the First Amendment to the United States Constitution. Mr. Spikes has a right to be represented by counsel of his choosing. Unless Mr. Bentley has committed a tangible dereliction of his ethical duties, Mr. Spikes has the right to continue being represented by Mr. Bentley and disqualification would constitute an abuse of discretion.

Respectfully submitted,

Geoffrey T. Bentley
GTBLawOffice@Gmail.com
Attorney for Plaintiff KAREL SPIKES

DATED:___2/5/2020_____