**Law Offices of Stephen Abraham**
Stephen E. Abraham, Esq. (State Bar No. 172054)
stephen@abraham-lawoffices.com
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorney for Defendants

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KAREL SPIKES**,<br><br>                *Plaintiff*,<br><br>v.<br><br>**RENAE M. ARABO; ON BROADWAY AUTO CARE, INC.,** a California Corporation; and DOES 1 through 10, Inclusive**,**<br><br>                *Defendants*. | Case No. 3:19-cv-01594-W-MDD<br><br>**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**<br><br>**[Doc. 6, 7]**<br><br>Honorable Mitchell Dembin<br><br>Edward J. Schwartz<br>United States Courthouse<br>221 West Broadway<br>San Diego, CA 92101 |

Defendants, Renae M. Arabo ("Arabo") and On Broadway Auto Care, Inc. ("On Broadway") ("**Defendants**"), herewith submit response to this Court's Order to Show Cause (Doc. 6) and, **for the reasons set forth below, request that this Court set an evidentiary hearing on the matter.**

On January 27, 2020, this Court issued its order to show cause why Plaintiff's counsel, Geoffrey Bentley, should not be disqualified. (Doc. 6) This Court specifically stated the issue as follows:

> "The Court is concerned that Mr. Bentley's conduct in representing Mr. Spikes in federal court and himself in state court for the same or similar violations against identical defendants is prejudicial to the administration of justice and is also conduct which degrades and impugns the integrity of the Court."

The principal issue affecting the integrity of the administration of justice

raised in this Court's order centered on the enterprise between Bentley and Spikes who act for the economic benefit of one another by targeting the same property but then pursuing separate but coordinated litigation in separate forums.

Beyond exhaustive reference to largely irrelevant legal authorities, Bentley's response avoids the serious issue raised by this Court's order – of a business enterprise between Spikes and Bentley. In his response (Doc. 7), Bentley takes the position that he has done nothing wrong, devoting his attention to a largely legalistic series of arguments regarding the sanctity of a litigant's choice of counsel but, in every sense, avoiding any substantive response to this Court's concerns. When finally getting to this Court's question, he states as follows:

> In handling cases for Mr. Spikes, plaintiff's counsel has a duty under FRCP 11 and C.C.P. § 128.7 to investigate all claims to ensure the allegations and factual contentions have evidentiary support. In doing so he must visit area businesses where disability access violations may or may not still exist. If he is unable to access a facility, plaintiff's counsel is prevented from performing the duties required of him as an attorney. An attorney being unable to complete his required duties due to discrimination is prejudicial to the administration of justice and warrants direct action on behalf of the attorney.

(Doc., 7 at 4:16-22). However, in that one short paragraph, Bentley attempts to justify his position but, in doing so, in fact worsens *his* position. In the state case, Bentley's claim mirrored that of Spikes in this case,

> 11. Plaintiff has visited ON BROADWAY AUTO CARE, INC. and intends to continue to visit this place of public accommodations. Plaintiff has become aware of the inaccessibility of this place of public accommodation and will continue in the future to visit this place of public accommodation *for the purposes of using and enjoying the facility's accommodations*, and to evaluate the facility's accessibility to individuals with disabilities or to determine if other forms of discrimination exist.

*Bentley v. Arabo*, complaint at ¶11 (emphasis added).

> 11. Plaintiff has visited ON BROADWAY AUTO CARE, INC. and intends to continue to visit this place of public accommodations. Plaintiff has become aware of the inaccessibility of this place of public accommodation and will continue in the future to visit this place of public accommodation for the purposes of using and enjoying the facility's accommodations, and to evaluate the facility's accessibility to individuals with disabilities or to determine if other forms of discrimination exist. Plaintiff actively enforces his rights as a disabled person to ensure that places of

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

public accommodation adhere to the law's requirements of providing access to persons with disabilities, including persons who use wheelchairs. *Spikes v. Arabo*, Complaint (Doc. 1) at ¶11.

In his response to this Court, Bentley asserted that his reason for visiting was as Spikes' counsel, to "confirm" conditions. That statement is fatal to the state claim inasmuch as Bentley does not assert an intention to be a *bona fide* customer. See *White v. Square, Inc.*, 7 Cal.5th 1019, 1032 (2019). However, it is more troubling because Bentley literally confesses the common scheme in which Spikes "spots" the property and then Bentley follows, thereby creating a basis for his own lawsuit filed in a separate forum.

Spikes has filed at least 16 cases in this judicial district. For each federal case with Spikes as plaintiff, a nearly identical case would be filed with Bentley as Plaintiff in state court. Of the 16 pairs of cases identified by this Court in its order – this case and the 15 others – 6 were default; 1 was removed to federal court; and 2 were dismissed. Of the remaining 7 cases, a fee waiver was requested, and shortly thereafter Vandeveld substituted into the case.[1] Why not file both cases in state <u>or</u> federal court with minimal filing fees? The reason for not doing so is to avoid the cases being related if not to avoid discovery of the enterprise. Connecting the two cases would lead naturally to the question of whether one plaintiff was acting as a "spotter" for the other, leading then to questions of whether their scheme amounted to an unpermitted business relationship and whether the actions of either Bentley or Spikes amounted to the unlawful excitement of litigation.

If Spikes and Bentley genuinely sought no more than to remove barriers, they would not need two lawsuits to achieve their goals; one in either state or federal court would suffice. Instead, Spikes and Bentley filed two separate lawsuits, both claiming precisely the same circumstances leading to their alleged encounters. Their intention, as evidenced by the complaint, was always to multiply the litiga-

---

[1] More on this later.

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

+2020 02 07 Ds' Response

3

DEFENDANTS' RESPONSE

tion, thereby maximizing not only the costs of defense, but as suggested in the attached e-mail from Bentley, to maximize the settlement value of the *two* cases.

**The Third Person in the Room**

With respect to the uncomfortable yet completely ignored third person in the enterprise involving Bentley and Spikes, Vandeveld's presence in this case raises serious questions regarding Bentley's representations in his response to this Court (Doc. 7) and, particularly, his description of his role. What Bentley does not disclose to this Court, beyond the existence of the scheme itself are the tactics Bentley and Vandeveld have used to conceal that scheme and exact retribution on those resisting their demands.

Pursuant to this Court's order, counsel for the parties and defendant Renae M. Arabo met and conferred at the site on January 15, 2020. Also present was an individual who identified himself as Thomas Vandeveld. Although not appearing in this case as counsel, Vandeveld insisted on controlling all communications between Counsel for Defendants and Counsel for Plaintiff, at one point standing between the two Counsel of record, speaking on behalf of Bentley, and preventing direct communication.[2]

Shortly before this Court issued its order to show cause, Bentley sent an e-mail in which he asserted that Vandeveld would appear at the ENE purportedly to facilitate settlement of the state case. If taken at face value, this might appear a welcome opportunity to settle not one but two cases – one state, the other federal. However, there is a far more disturbing aspect of the litigation scheme as to which this latest communication lends support. As occurred in this case, Vandeveld appearing in this case at the site visit and presuming to appear at the originally scheduled ENE raises serious question as to which attorney – Bentley or Vandeveld – is exercising control as counsel in this case.

---

[2] As such, there is serious doubt as to Bentley's true role in this litigation.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

+2020 02 07 Ds' Response

4

DEFENDANTS' RESPONSE

## Latest Developments

At the site visit, Vandeveld made threats to Defendants and Defendants' Counsel, including a threat to have the business shut down by reporting it to the City for purported alterations to portions of the property having *nothing* to do with the accessibility claims at issue either in the state or federal action – threats intended to secure an advantage in civil litigation. On January 28, 2020, Vandeveld and Bentley furthered their threats by filing a motion for leave to amend the state complaint with claims relating to those alterations, again serving no legitimate purpose in the context of the accessibility claims at issue.

The actions of Vandeveld and Bentley cast serious doubts upon the ethics, if not the legality of their practice, including whether the threats communicated constitute acts requiring this Court's immediate intervention.

Defendants submit that Bentley has not adequately addressed this Court's serious question that goes not only to the heart of this litigation but that reflects a grave concern for actions by Bentley who acted, in concert with Spikes and Vandeveld, in a manner prejudicial to the administration of justice that degrades and impugns the integrity of this Court.

**Defendants request that this Court set an evidentiary hearing on the matter.**

Dated: February 6, 2020         LAW OFFICES OF STEPHEN ABRAHAM

                                By:     /s/ Stephen E. Abraham
                                        Stephen E. Abraham
                                        Attorney for Defendants

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On February 6, 2020, I served the foregoing document described as: **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE** thereon on all interested parties in this action as follows:

Geoffrey T. Bentley                            Representing Plaintiff
LAW OFFICE OF GEOFFREY BENTLEY
4231 Balboa Avenue #1136
San Diego, CA 92117

[x]    **e-Filing pursuant to Court order**

Executed on February 6, 2020, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                        /s/ Stephen E. Abraham
                                            Stephen E. Abraham

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, CA 92660
(949) 878-8608

+2020 02 07 Ds' Response

PROOF OF SERVICE