UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>RENAE M. ARABO, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 19cv1594-W-MDD<br><br>**ORDER DISQUALIFYING PLAINTIFF'S COUNSEL** |

Beginning in January 2019, and continuing throughout the year, attorney Geoffrey Bentley, on behalf of Karel Spikes, filed 16 complaints in this Court, including this case, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, e*t seq.* and for violations of the state counterpart of the ADA, known as the Unruh Act, California Civil Code § 51, *et seq.* Simultaneously or within days, Mr. Bentley, as plaintiff, filed complaints in the Superior Court alleging nearly identical violations of the Unruh Act against the same defendants. *See* Attachment A. This conduct raised concerns with the Court resulting in this Order to Show Cause, issued on January 27, 2020, requiring attorney Bentley, to explain why he should not be disqualified from representing Mr. Spikes in this case because of

professional misconduct. (ECF No. 6). Mr. Bentley and Defendants filed responses to the Court's order to show cause.[1] (ECF Nos. 7, 8). For the reasons stated herein, the Court **ORDERS** that Plaintiff's counsel be disqualified from representing Mr. Spikes in this case.

## I. LEGAL STANDARD

It is within the trial court's discretion to disqualify counsel due to an ethical violation.[2] *See Censhaw v. MONY Life Ins. Co.*, 318 F. Supp. 2d 1015, 1020 (S.D. Cal. 2004) ("The disqualification of counsel because of an ethical violation is a discretionary exercise of the trial court's inherent powers."). Notably, that power is one the Court can invoke *sua sponte*. *State Comp. Ins. Fund v. Drobot*, 192 F. Supp. 3d 1080, 1090 (C.D. Cal. 2016). In fact, "'[w]henever an allegation is made that an attorney has violated his moral and ethical responsibility . . . [i]t is the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar.'" *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996) (quoting *Gas-A-Tron of Ariz. v. Union Oil Co.*, 534 F.2d 1322, 1324-25 (9th Cir. 1976)). When deciding whether disqualification of counsel is appropriate, "the paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the

---

[1] Defendants request the Court set an evidentiary hearing on the matter to discuss the conduct of another attorney, Thomas Vandeveld, who is not an attorney of record in this case. (ECF No. 8). While the conduct described by Defendants may raise ethical concerns, the Court declines to address them here and instead focuses on the conduct of the attorney of record in this case. The Court also declines Mr. Bentley's request to file a sur-reply. (ECF No. 7 at 2).

[2] "Although the Ninth Circuit has not squarely addressed the issue, other courts in the Ninth Circuit have uniformly treated motions to disqualify counsel as non-dispositive pretrial matters that a magistrate judge may adjudicate." *Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 3:14-cv-00751-GPC-DHB, 2016 WL 4361808, at *5 (S.D. Cal. Aug. 16, 2016) (collecting cases).

bar." *State Farm Mut. Auto. Ins. Co. v. Fed. Ins.*, 72 Cal. App. 4th 1422, 1428 (Cal. Ct. App. 1999).

Civil Local Rule 83.4 requires attorneys permitted to practice in this Court to comply with the standards of professional conduct required of members of the State Bar of California and prohibits attorneys from engaging "in any conduct which degrades or impugns the integrity of the court or in any manner interferes with the administration of justice within the Court." S.D. Cal. Civ. L.R. 83.4(b). Pursuant to Rule 8.4 of California's Rules of Professional Conduct, it is professional misconduct for a lawyer to engage in conduct involving "dishonesty, fraud, deceit, or reckless or intentional misrepresentation," or conduct that is "prejudicial to the administration of justice." Cal. Rules of Prof. Conduct 8.4(c)-(d).

## II.    DISCUSSION

Mr. Bentley concedes that he and Mr. Spikes have separately sued Defendants for discrimination. (ECF No. 7 at 3). He likewise does not dispute that he has filed sixteen sets of nearly identical lawsuits on behalf of himself in state court and Mr. Spikes in federal court. (*See id.*; s*ee also* Attachment A). In responding to the Court's order to show cause, Mr. Bentley admits that he files lawsuits on his own behalf in state court because he encounters barriers while attempting to uphold his duty under Federal Rule of Civil Procedure 11 and California Code of Civil Procedure § 128.7 – not because he intended to use and enjoy the facility's accommodations. (*Id.* at 4). It appears that Mr. Spikes advises Mr. Bentley he has encountered a barrier at a specific location and would like Mr. Bentley to file a lawsuit on his behalf. Mr. Bentley asserts that he visits these locations to confirm his client's allegations and comply with his own obligations under Federal Rule of Civil Procedure 11. The ethical issue arises when Mr. Bentley files a

lawsuit on behalf of Mr. Spikes and in short order files his own lawsuit in state court on his own behalf alleging the same barriers.

In his state court complaints, Mr. Bentley asserts that he is a *bona fide* customer, visiting the Defendants' business "for the purposes of using and enjoying the facility's accommodations[.]" (*See* ECF No. 8 at 2-3). That is false. By his own admission, Mr. Bentley's purpose of visiting Defendants' business was not to use and enjoy the facility—it was simply to complete his legal obligation. The Court concludes that the purpose for filing this second lawsuit is solely to extract more money from these Defendants for himself in addition to whatever legal fees he may recover in the federal case. As explained by Defendants, "[i]f [Mr.] Spikes and [Mr.] Bentley genuinely sought no more than to remove barriers, they would not need two lawsuits to achieve their goals; one in either state or federal court would suffice. Instead, [they] filed two separate lawsuits, both claiming precisely the same circumstances leading to their alleged encounters. Their intention, as evidenced by the complaint, was always to multiply the litigation, thereby maximizing not only the costs of defense, but . . . to maximize the settlement value of the *two* cases." (ECF No. 8 at 3-4 (emphasis in original)).

This illustrates a scheme to defraud; Mr. Bentley is seeking to obtain money from Defendants based upon a false representation – that he encountered the alleged barrier as a *bona fide* customer. *See e.g.,* Title 18, United States Code, section 1341 (stating that whoever obtains money or property by means of false or fraudulent pretenses, representations, or promises has engaged in a scheme to defraud). Mr. Bentley's representation of Mr. Spikes in this Court provides him the opportunity to obtain reasonable attorney's fees from Defendants. Mr. Bentley's lawsuit in Superior Court, in which he is the plaintiff under the Unruh Act, provides him with the

4

opportunity to obtain statutory damages and, perhaps, to provide another lawyer with the opportunity to collect attorney's fees from Defendants. His decision to file in two different courts may be intended to obscure the scheme from the supervision of judges in these cases.

This conduct degrades or impugns the integrity of the court, interferes with the administration of justice within the Court, and is prejudicial to the administration of justice. Cal. Rules of Prof. Conduct 8.4(d); S.D. Cal. Civ. L.R. 83.4. Additionally, inasmuch as Mr. Bentley alleges that he intends to use and enjoy Defendants' facility in his state court complaints, his conduct involves dishonesty, fraud, deceit, and reckless or intentional misrepresentation. Cal. Rules of Prof. Conduct 8.4(c) ("It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or reckless or intentional misrepresentation.").

Mr. Bentley argues that his conduct is protected by the right to petition the government for redress of grievances and his individual rights.[3] (ECF No. 7 at 3-4). This argument entirely misses the Court's concern. The Court is not concerned with Mr. Bentley's decision to file lawsuits on his own behalf. The Court is concerned with his decision to represent a client in federal court and use his client's allegations as a means of multiplying litigation and obtaining more money for himself—partly by misrepresenting that he is a *bona fide* customer who visited Defendants' facility with the intent to use and enjoy the facilities. The Court is not inhibiting Mr. Bentley's ability to file lawsuits; rather, the Court is disqualifying him from

---

[3] Mr. Bentley also argues that the appearance of impropriety is insufficient to disqualify counsel, and therefore conduct prejudicial to the administration of justice should also be an insufficient basis for disqualification. (ECF No. 7). Mr. Bentley cites no legal authority in support of this argument, and the Court declines to address it.

representing Mr. Spikes in this case for dishonest, deceitful and fraudulent conduct, based on facts admitted by Mr. Bentley, which prejudices the administration of justice.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **DISQUALIFIES** Mr. Bentley and the Law Office of Geoffrey Bentley as counsel for Plaintiff in this case. In addition, the Court will refer Mr. Bentley to the disciplinary committee of this Court for appropriate action pursuant to this Court's Civil Local Rule 83.5(e) and to The State Bar of California. The Clerk of Court is instructed to terminate Geoffrey Bentley of the Law Office of Geoffrey Bentley as counsel of record for Plaintiff Karel Spikes. Plaintiff is advised that if he does not obtain new counsel, he will proceed in this action *pro se*. The Court will hold a telephonic status hearing on **March 12, 2020** at **9:15 a.m.** Only counsel for Defendants and either Mr. Spikes or his new attorney must participate. Counsel and Mr. Spikes, or if represented, his new attorney, are ordered to use the dial-in information filed as a separate notice to access the Court's teleconference service.[4]

**IT IS SO ORDERED**.

Dated: February 11, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge

---

[4] The teleconference information sheet can be accessed through ECF using the login information assigned to an attorney of record in the case and then selecting the "report" option. On the next screen, the "docket sheet" option should be selected, prompting the user for a PACER login (assigned to the attorney of record). Once the PACER login is completed, the case number can be entered which will display the docket sheet for the case and allow the user to open the teleconference information sheet.